The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| COURTNEY HOLLIDAY, individually and on behalf of all others similarly situated, *Plaintiff*, v. GROUPME, INC., a Delaware corporation, *Defendant*. | Case No. 2:18-cv-00609-MJP **COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Fed. R. Civ. P. 26 and the Court's Scheduling Order in this matter, Plaintiff Courtney Holliday ("Plaintiff" or "Ms. Holliday") and Defendant Springboard Acquisitions Corp., incorrectly sued as GroupMe, Inc. ("Springboard"), (collectively, the "Parties") submit the following Combined Joint Status Report and Discovery Plan.

I.     **NATURE AND COMPLEXITY OF THE CASE**

       a.     **Plaintiff**

       In this putative nationwide class action, Plaintiff alleges that Defendant, using an automatic telephone dialing system, sent thousands of spam text messages through its messaging service to recipients that did not provide their prior express consent to receive such messages. To the contrary, Plaintiff and the class expressly notified Defendant that it did not have their consent to send them the at-issue messages. Thus, Plaintiff alleges, Defendant repeatedly violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"), entitling Plaintiff and the class to damages and injunctive relief. Insofar as the case is a putative class

- 1 -

1  action, it is complex.

2      **b.      Springboard**

3      Springboard provides the GroupMe text messaging service, which enables users of the

4  service to simultaneously deliver text messages to individuals of the group creator's choosing.

5      The GroupMe text messaging service allows a group creator to register for the service

6  and to provide her or his and the group members' cellular telephone numbers.  The group creator

7  represents she or he obtained the consent of all group members to receive messages via the

8  GroupMe text messaging service.  The group creator and group members then initiate or cause to

9  be sent all of the text messages delivered within each group.

10      The GroupMe text messaging service does not send advertising text messages to group

11  members.  The GroupMe text messaging service's technology does not "make" any calls.  Indeed,

12  the GroupMe text messaging service's technology does not constitute an "automatic telephone

13  dialing system" as defined under the TCPA and as clarified by the recent decision from the

14  United States Court of Appeals for the District of Columbia Circuit in *ACA Int'l v. FCC*, 885 F.3d

15  687 (D.C. Cir. 2018).  This is why the United States District Court for the Northern District of

16  California, on February 4, 2015, in granting summary judgment, held the technology used for the

17  GroupMe text messaging service is not an automatic telephone dialing system (*Glauser v.*

18  *GroupMe, Inc.*, 2015 WL 428728 (N.D. Cal. Feb. 4, 2015)).  GroupMe also had "prior express

19  consent," as used in the TCPA and defined by the Federal Communications Commission

20  ("FCC"), from the putative class members because they knowingly released their cellular

21  telephone numbers.

22      Here, someone named "Travis," with whom Ms. Holliday may have been acquainted and

23  who apparently had her cellular telephone number, signed up for the GroupMe text messaging

24  service, provided GroupMe the cellular telephone numbers of people, including Ms. Holliday, and

25  started a group called "Friends," through which the group creator "Travis" stated he was "looking

26  to make new friends" (Dkt. 1-1).  Ms. Holliday is now suing Springboard for messages she

27  allegedly received as part of the "Friends" group "Travis" created.  Ms. Holliday cannot prevail

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN                                        - 2 -
Case No. 2:18-cv-00609-MJP

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

1    on her TCPA claims because the GroupMe service does not use an automatic telephone dialing

2    system, and, in any event, she cannot meet the prerequisites under Fed. R. Civ. P. 23 to certify

3    any class.

4    **II.**      **DEADLINE FOR JOINDER OF ADDITIONAL PARTIES**

5    The Parties' proposed deadline for joinder of additional parties without leave of Court is

6    September 11, 2018.

7    **III.**      **CONSENT TO MAGISTRATE**

8    No.

9    **IV.**      **PROPOSED DISCOVERY PLAN**

10       **A.**      **Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)**

11    Pursuant to the Court's initial scheduling order (Dkt. 8), the Parties exchanged initial

12    disclosures on July 5, 2018.

13       **B.**      **Discovery Subjects, Timing, and Phasing**

14           *i.*      *Subjects on which discovery may be needed.*

15                **a.**      **Plaintiff**

16    Plaintiff anticipates taking discovery on at least the following non-exhaustive list of

17    topics: (1) the total number and identity of individuals to whom Defendant and/or its agents sent

18    the allegedly offending text messages; (2) the total number of text messages Defendant and/or its

19    agents sent to those individuals; (3) the methods by which Defendant and/or its agents obtained

20    the telephone numbers to which text messages were sent; (4) the equipment Defendant and/or its

21    agents used to send the text messages; (5) any records of consent to send the text messages that

22    Defendant and/or its agents maintain; (6) any records of individuals' requests to no longer

23    receive text messages from Defendant; (7) any policies or procedures maintained by Defendant

24    and/or its agents related to the sending of text messages, including how Defendant and or its

25    agents processed individuals' requests to no longer receive messages; and (8) contracts and

26    communications exchanged between Defendant and its agents related to the practice of sending

27    text messages.

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN
Case No. 2:18-cv-00609-MJP

- 3 -

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

1

**b.      Springboard**

2      Springboard anticipates conducting discovery on at least the following list of topics: (1)

3   Ms. Holliday's use of the GroupMe text messaging service and participation in the "Friends"

4   group created on the GroupMe text messaging service; (2) the creator and members of the

5   "Friends" group created on the GroupMe text messaging service; (3) whether Ms. Holliday

6   provided or revoked prior express consent to receive text messages; (4) whether Ms. Holliday

7   entered into an agreement to arbitrate her claims or waive any ability she may have to bring a

8   class action; and (5) whether a class should be certified.

9               *ii.      Timing of discovery.*

10      The Parties contend that discovery in this case is suitable for bifurcation.  More

11   specifically, the Court should determine initially whether the technology used for the GroupMe

12   text messaging service as used to facilitate transmission of text messages to Ms. Holliday's

13   purported cell phone number constitutes an "automatic telephone dialing system" under the

14   TCPA and recent guidance on that issue from the United States Court of Appeals for the District

15   of Columbia Circuit in *ACA Int'l v. FCC*, 885 F.3d 687 (D.C. Cir. 2018).  This single issue could

16   be dispositive of the entire action.  If the technology for the GroupMe text messaging service did

17   not constitute an "automatic telephone dialing system," Ms. Holliday has no TCPA claim.

18      The Parties thus propose a discovery period of approximately four months to complete

19   discovery on solely the issue of whether the technology for the GroupMe text messaging service

20   constitutes an "automatic telephone dialing system," to be completed by November 16, 2018,

21   and a deadline thereafter for the Parties to file contemplated motions for summary judgment on

22   this issue by December 14, 2018, noted for consideration and reply on January 25, 2019, with

23   oppositions due on January 16, 2019.  Springboard expressly acknowledges that Ms. Holliday

24   can file, in connection with the phased discovery proposed above, a motion for summary

25   judgment on December 14, 2018, on the issue of whether the technology at-issue in this action

26   constitutes an "automatic telephone dialing system."  Springboard does not, however, waive its

27   right to oppose under the one-way intervention rule or any other basis any other motion Plaintiff

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN                                    - 4 -
Case No. 2:18-cv-00609-MJP

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

1   may file to have any issue resolved on the merits prior any to class certification.  The Parties

2   each reserve all rights and arguments.

3          The Parties propose that, if needed following a ruling on the Parties' contemplated,

4   respective motions for summary judgment, the Parties submit a further combined joint status

5   report and discovery plan for fact and expert discovery, and for briefing on class certification

6   issues and a trial date.  While Plaintiff is mindful that Local Rule 23(i)(3) requires that a plaintiff

7   file a motion for class certification pursuant to Fed. R. Civ. P. 23(c)(1) within one hundred eight

8   days after filing the complaint, Plaintiff believes that filing a motion for class certification would

9   be premature at such an early stage of the litigation, especially in light of the proposed

10  bifurcation.

11                 *iii.      Phasing of discovery.*

12         The Parties request phased discovery and an early deadline to file contemplated motions

13  for summary judgment as discussed above in Section IV(B)(ii), *supra*.

14         **C.      Electronically Stored Information (ESI) Protocol**

15         The Parties anticipate filing and requesting that the Court enter an ESI protocol based on

16  the Western District of Washington's Model Agreement re: Discovery of ESI.

17         **D.      Privilege Issues**

18         The Parties intend to submit to the Court for its review and approval a proposed

19  protective order governing the production and handling of privileged, confidential, proprietary,

20  and otherwise sensitive discovery materials in this action.  The proposed protective order will

21  also provide a procedure, consistent with Fed. R. Evid. 502(b), for clawing back inadvertently

22  disclosed privileged documents.

23         **E.      Limitations on Discovery**

24         The Parties agree that, aside from any modifications in their forthcoming stipulated

25  protective order and/or ESI protocol and the Parties' requested phased discovery plan, no

26  limitations or modifications to the discovery contemplated by the Federal Rules of Civil

27  Procedure are necessary at this time.

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN
Case No. 2:18-cv-00609-MJP

- 5 -

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

1   **F.      Other Discovery-Related Orders**

2          Aside from the Parties' phased discovery request and forthcoming request that the Court

3   enter a protective order and ESI protocol, the Parties do not anticipate seeking any other

4   discovery-related orders at this time.

5   **V.      PARTIES' VIEW, PROPOSALS, AND AGREEMENTS ON:**

6          **A.      Prompt Case Resolution**

7          The Parties and their counsel will work together professionally and collaboratively to

8   ensure the prompt resolution of this action.  The Parties will reasonably evaluate the relative

9   strengths and weaknesses of their claims and defenses on a regular basis, and will keep an open

10  dialogue as to how those strengths and weaknesses may inform the resolution of this case.

11         **B.      Alternative Dispute Resolution**

12         The Parties remain open to discussing the potential resolution of this case in the future,

13  but do not believe such discussions are appropriate at this time.  Should the Parties proceed with

14  resolution discussions, they anticipate mediating before a private mediator.

15         **C.      Related Cases**

16         The Parties agree that there are no other pending cases that are related to this one.

17         **D.      Discovery Management**

18         The Parties agree that the Federal Rules of Civil Procedure, the Local Civil Rules, and

19  any Scheduling Orders the Court enters shall be used to manage discovery so as to minimize

20  burdens and expenses.  The Parties are willing to manage discovery to promote the expeditious

21  and inexpensive resolution of the case, including by scheduling discovery and case management

22  conferences with the Court, as necessary.

23         **E.      Anticipated Discovery Sought**

24         The Parties' descriptions of anticipated discovery are discussed above in Section IV(B),

25  *supra*.

26         **F.      Phasing Motions**

27         The Parties' request for phased discovery and an early deadline to file contemplated

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN                          - 6 -
Case No. 2:18-cv-00609-MJP

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

1 motions for summary judgment is discussed above in Section IV(B)(ii), *supra*.

2       **G.      Preservation of Discoverable Information**

3       The Parties will comply with all requirements regarding the preservation of discoverable

4 information.

5       **H.      Privilege Issues**

6       The Parties' forthcoming stipulated protective order will contain proposed procedures for

7 governing the production and handling of privileged, confidential, proprietary, and otherwise

8 sensitive discovery materials in this action.

9       **I.      Model Protocol for Discovery of ESI**

10       The Parties anticipate filing and requesting that the Court enter a stipulated agreement

11 regarding the discovery of ESI, based on the model version provided by the Western District of

12 Washington.

13       **J.      Alternatives to Model Protocol**

14       The stipulated agreement regarding the discovery of ESI the Parties anticipate filing and

15 requesting that the Court enter will be based on the model protocol provided by the Western

16 District of Washington.

17 **VI.      DATE OF COMPLETION OF DISCOVERY**

18       The Parties' request for phased discovery and an early deadline to file contemplated

19 motions for summary judgment is discussed above in Section IV(B)(ii), *supra*.

20 **VII.      BIFURCATION**

21       The Parties' request for phased discovery and an early deadline to file contemplated

22 motions for summary judgment is discussed above in Section IV(B)(ii), *supra*.

23 **VIII.      PRETRIAL STATEMENTS AND PRETRIAL ORDERS**

24       At this time, the Parties agree the pretrial statements and pretrial order pursuant to Local

25 Rules 16(e), (h), (i), (k), and (1) and 16.1 should be required, but reserve the right to revisit this

26 issue as the trial date becomes closer.

27 **IX.      SUGGESTIONS FOR SHORTENING OR SIMPLIFYING CASE**

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN
Case No. 2:18-cv-00609-MJP

- 7 -

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

1    The Parties' request for phased discovery and an early deadline to file contemplated

2  motions for summary judgment is discussed above in Section IV(B)(ii), *supra*.

3  **X.    DATE FOR TRIAL**

4    The Parties propose that, if needed following a ruling on the Parties' contemplated,

5  respective motions for summary judgment, the Parties submit a further combined joint status

6  report and discovery plan for fact and expert discovery, and for briefing on class certification

7  issues, and a trial date.

8  **XI.    JURY OR NON-JURY TRIAL**

9    Plaintiff has requested a jury trial.

10  **XII.    NUMBER OF TRIAL DAYS**

11    The Parties anticipate that if the case is an individual action, trial will last one day.  If the

12  case is certified as a class action, the Parties anticipate that trial will last seven days.

13  **XIII.    TRIAL COUNSEL INFORMATION**

14    **Plaintiff's Trial Counsel**

15    Benjamin H. Richman (admitted *pro hac vice*)
16    brichman@edelson.com
     Michael Ovca (admitted *pro hac vice*)
17    movca@edelson.com
     EDELSON PC
18    350 North LaSalle Street, Suite 1400
     Chicago, Illinois 60654
19    Tel: 312.589.6370
     Fax: 312.589.6378
20

21    Corrie J. Yackulic
     CORRIE YACKULIC LAW FIRM LLC
22    705 Second Avenue, #1300
     Seattle, Washington 98104
23    Tel: 206.787.1915

24

25    **Springboard's Trial Counsel**
26    Kenneth E. Payson, WSBA #26369
     Rebecca Francis, WSBA #41196
27    DAVIS WRIGHT TREMAINE LLP

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN                    - 8 -
Case No. 2:18-cv-00609-MJP

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

1201 Third Avenue, Suite 2200
Seattle, WA 98101-3045
Tel: (206) 622-3150
Fax: (206) 757-7700
Email: kenpayson@dwt.com
        rebeccafrancis@dwt.com

Bryan A. Merryman (admitted *pro hac vice*)
J. Jonathan Hawk (admitted *pro hac vice*)
WHITE & CASE LLP
555 South Flower Street, Suite 2700
Los Angeles, CA 90071
Tel: (213) 620-7700
Fax: (213) 452-2329
Email: bmerryman@whitecase.com
        jhawk@whitecase.com

## XIV.  COMPLICATIONS OF TRIAL DATE

The Parties do not have complications regarding the setting of a trial date at this time.

## XV.  SERVICE OF PROCESS

Springboard has been served.

## XVI.  SCHEDULING CONFERENCE

The Parties do not request a scheduling conference.

## XVII. CORPORATE DISCLOSURE STATEMENT

Springboard filed its disclosure statement on June 15, 2018 (Dkt. 11).

Respectfully Submitted,

**COURTNEY HOLLIDAY**, individually and on behalf of all others similarly situated,

Dated: July 11, 2018          By:  /s/ Corrie J. Yackulic
                                    One of Plaintiff's Attorneys

Corrie J. Yackulic
CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

Benjamin H. Richman (admitted *pro hac vice*)

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN
Case No. 2:18-cv-00609-MJP

- 9 -

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

brichman@edelson.com
Michael Ovca (admitted *pro hac vice*)
movca@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Attorneys for Plaintiff and the Putative Class*


**SPRINGBOARD ACQUISITIONS CORP.**

Dated: July 11, 2018

By:   /s/ Kenneth E. Payson (*with permission*)

    Kenneth E. Payson, WSBA #26369
    Rebecca J. Francis, WSBA #41196
    DAVIS WRIGHT TREMAINE LLP
    1201 Third Avenue, Suite 2200
    Seattle, WA  98101-3045
    Tel:  (206) 622-3150
    Fax: (206) 757-7700
     E-mail: kenpayson@dwt.com
            rebeccafrancis@dwt.com

    Bryan A. Merryman (admitted *pro hac vice*)
    J. Jonathan Hawk (admitted *pro hac vice*)
    WHITE & CASE LLP
    555 S. Flower Street, Suite 2700
    Los Angeles, CA  90071-2433
    Tel: (213) 620-7700
    Fax: (213) 452-2329
     Email: bmerryman@whitecase.com
            jhawk@whitecase.com

*Attorneys for Defendant Springboard Acquisitions
Corp., incorrectly sued as GroupMe, Inc.*

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN
Case No. 2:18-cv-00609-MJP

- 10 -

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915

1

**<u>CERTIFICATE OF SERVICE</u>**

2

I, Michael W. Ovca, an attorney, hereby certify that on July 11, 2018, I served the above

3

and foregoing to by causing a true and accurate copy of such paper to be filed and transmitted to

4

all counsel of record via the Court's CM/ECF electronic filing system.

5

6

/s/ Michael W. Ovca

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

COMBINED JT. STATUS REPORT
AND DISCOVERY PLAN
Case No. 2:18-cv-00609-MJP

CORRIE YACKULIC LAW FIRM LLC
705 Second Avenue, #1300
Seattle, Washington 98104
Tel: 206.787.1915